## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:22-cv-02860-SHM-tmp |
| | ) | |
| DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**ORDER DISMISSING CONSOLIDATED COMPLAINT (ECF NOS. 1, 11, 17, & 21) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; GRANTING LEAVE TO AMEND; AND DENYING MOTION FOR EMERGENCY PRELIMINARY INJUNCTION/TRO (ECF NO. 20)**

---

On December 15, 2022, Plaintiff Kenneth Mobley, an inmate currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI Forrest City"), filed a *pro se* complaint under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2).  On February 7, 2023, Mobley filed his Briefing in Support of Bivens Action[1].  (ECF No. 11 (the "Brief").)

On March 8, 2023, the Court granted leave to proceed *in forma pauperis*.  (ECF No. 14.)

On March 23, 2023, Mobley filed a motion to add SIA Officer Zabitoskey as a Defendant (the "Motion to Add Zabitoskey").  (ECF No. 17.)

On June 22, 2023, the Court entered an order:  (1) denying as moot Mobley's three outstanding motions for temporary injunction ("Three TRO motions") (ECF Nos. 3, 10, 15)

---

[1] The Court construes the Brief (ECF No. 11) as the "Briefing" Mobley referenced in his complaint.  (*See* ECF No. 1 at PageID 3 ("Brief is in a separate piece of mail and will be mailed out on Dec 14th 2022").)

because each of Mobley's Three TRO motions asked for Mobley to be transferred from the Federal Correctional Institution in Memphis ("FCI Memphis") to a different, unspecified, prison facility and Mobley's transfer to FCI Forrest City mooted the Three TRO Motions; and (2) granting Mobley's motion to add Zabitoskey as a Defendant (ECF No. 17).  (ECF No. 19.)

On August 18, 2023, Mobley filed a motion for emergency preliminary injunction/TRO ("Fourth TRO Motion").  (ECF No. 20.)  Mobley's Fourth TRO Motion asks the Court to order that Mobley be transferred from FCI Forrest City to the Federal Medical Center in Lexington, Kentucky ("FMC Lexington").  (*Id*. at PageID 86.)

Also on August 18, 2023, Mobley filed a Sure-Reply/Motion for Disposition/Judgment for the Plaintiff.  (ECF No. 21 (the "Motion for Disposition").)  In the interest of resolving Mobley's claims, the Court liberally construes Mobley's Motion for Disposition (ECF No. 21) as an amendment to his complaint (ECF No. 1).

For purposes of screening Mobley's claims under *Bivens*, 403 U.S. 388, pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), and in the interest of resolving Mobley's claims, the Court CONSOLIDATES the complaint (ECF No. 1), the Brief (ECF No. 11), the Motion to Add Zabitoskey (ECF No. 17), and the Motion for Disposition (ECF No. 21) as the "Consolidated Complaint".

The Consolidated Complaint sues eight defendants:  (1) the Department of Justice (the "DOJ"); (2) the Bureau of Prisons (the "BOP"); (3) Warden Bowers, in his individual and official capacity[2]; (4) Warden Childers, in his individual and official capacity[3]; (5) John Doe Executive

---

[2]  Defendant Bowers is the former Warden of FCI Memphis.  The current Warden is Warden Harrison.

[3]  Childers' precise official capacity is unclear from the Consolidated Complaint.  Childers is neither the former, nor the current, Warden of FCI Memphis.

Assistant Warden, in his individual and official capacity[4]; (6) S.H.U. [*i.e.*, Special Housing Unit] Officer Ewing, in his individual capacity; (7) Counselor Bachus; and (8) SIA Officer H. Zabitoskey (Defendants (3) – (8) are collectively referred to as the "Individual Defendants").  (ECF No. 1 at PageID 2, 4; ECF No. 19 at PageID 75.)  The Individual Defendants are officials of FCI Memphis.  (ECF No. 1 at PageID 2; ECF No. 19 at PageID 75.)

Mobley seeks: (1) from Ewing two million seven hundred thousand dollars ($2,700,000.00), a total of nine hundred thousand dollars ($900,000.00) each for punitive damages, for pain and suffering, and for extreme emotional distress; (2) from the DOJ four million three hundred thousand dollars ($4,300,000.00), a total of one million five hundred thousand dollars ($1,500,000.00) for punitive damages, one million seven hundred thousand dollars ($1,700,000.00)  for irreparable harm, and one million one hundred thousand dollars ($1,100,000.00)  for pain and suffering; (3) from the BOP five million four hundred fifty thousand dollars ($5,450,000.00), a total of two million one hundred thousand dollars ($2,100,000.00)  for punitive damages, one million five hundred thousand dollars ($1,500,000.00) for pain and suffering, seven hundred fifty thousand dollars ($750,000.00) for irreparable harm, and one million one hundred thousand dollars ($1,100,000.00) for extreme emotional distress; (4) from Warden Bowers three million three hundred thousand dollars ($3,300,000.00), a total of nine hundred thousand dollars ($900,000.00) for punitive damages, nine hundred thousand dollars ($900,000.00) for pain and suffering, and one million five hundred thousand dollars

---

[4]  Mobley apparently intends to sue both "Warden Childers" and John Doe "Unknown Executive Assistant Warden".  (*See* ECF No. 1 at PageID 4 (Childers and the "Unknown Exec. Asst. Warden" are separate individuals); *see also id*. at PageID 2 (also identifying them as separate defendants.)  The Clerk has inadvertently conflated these two individuals as a single defendant. For purposes of this analysis, these two defendants are identified as:  (1) Warden Childers; and (2) John Doe Executive Assistant Warden.

($1,500,000.00) in his individual and official capacity for extreme emotional distress; (5) from "Warden Childers +[sic] Unknown Exec. Asst. Warden" two million four hundred thousand dollars ($2,400,000.00), a total of one million nine hundred thousand dollars ($1,900,000.00) for punitive damages and five hundred thousand dollars ($500,000.00) "in their individual +[sic] official capacity" for pain and suffering.  (ECF No. 1 at PageID 4; *see also* ECF No. 11 at PageID 36 (Mobley reiterates his request for monetary relief).)  Mobley does not make any specific claim for damages against Bachus or Zabitoskey.  (ECF No. 1 at PageID 4; ECF No. 17 at PageID 66-67.)

Mobley seeks injunctive relief in the form of compassionate release[5] or home detention, and says that, if granted that injunctive relief, he would withdraw most of his claims for monetary damages, except the monetary damages claim against Ewing.  (ECF No. 11 at PageID 36.)

After his transfer to FCI Forrest City, Mobley's Motion for Disposition further requests: (1) transfer to home detention, away from officials who pose a danger to him; (2) criminal prosecution of officials he alleges sexually assaulted him, retaliated, and "cover[ed] it up"; (3) "full payment of monetary damages, and or immediate release from [] detention".  (ECF No. 21 at PageID 135-136.)

The Clerk is DIRECTED to modify the docket to: (1) remove "Childers, Executive Asst to Warden" as a Defendant; (2) add "Warden Childers" as a Defendant; and (3) add "John Doe Executive Assistant Warden" as a Defendant.

The Consolidated Complaint (ECF Nos. 1, 11, 17 & 21) and the Fourth TRO Motion (ECF No. 20) are before the Court.

---

[5]  Mobley may seek compassionate release by filing a motion under 18 U.S.C. § 3582 in his criminal case.

For the reasons explained below: (1) the Consolidated Complaint (ECF Nos. 1, 11, 17 & 21) is DISMISSED WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART for failure to state a claim to relief; and (2) the Fourth TRO Motion (ECF No. 20) is DENIED.

## I.   BACKGROUND

The claims in Mobley's Consolidated Complaint arise from his detention at FCI Memphis. Mobley alleges that his life was threatened by gang members at FCI Memphis because Mobley was not in a gang and did not choose a gang.  (ECF No. 1 at PageID 2.)  Mobley was placed in protective custody and moved to the Special Housing Unit (the "SHU"), where he was restricted from visits, telephone calls, property, and the law library.  (*Id*.)  He came out of his room only four to five days a week, instead of every day.  (*Id*.)  Mobley complains that this treatment violated his Eighth Amendment right to be free from cruel and unusual punishment, because he was treated the same as an inmate who has broken rules or policy, although Mobley had broken no rules or policy.  (*Id*.; *see also* ECF No. 11 at PageID 27-28.)  Mobley complains Bowers and Childers ignored his grievances.  (ECF No. 1 at PageID 2; ECF No. 11 at PageID 28-29.)

Mobley alleges Ewing sexually assaulted Mobley during a strip search.  (ECF No. 1 at PageID 2.)  Mobley alternatively alleges that this occurred "on or around September 25th" (ECF No. 1 at PageID 2) or "on or [] around September 27th 2022" (ECF No. 11 at PageID 24).  Ewing and officer Avant "claimed" to smell smoke in the hallway and "chose Mobley[']s cell" as a likely source of the smoke.  (ECF No. 11 at PageID 24.)  Mobley and his cell mate were taken to a cell for a visual search.  (*Id*.)

Mobley claims "Officer Ewing told Mobley to shake and twerk his buttocks, then Officer Ewing sexually assaulted Mobley".  (ECF No. 1 at PageID 2.)  Mobley "refused to twerk" and "was scared".  (ECF No. 11 at PageID 24.)  Mobley "was given his clothes back after being

sexually harassed by Ewing in front of Harris [another FCI Memphis officer] and Avant". (*Id.*) Mobley alleges "[a]s this happened Officer Ewing did push Mobley's head into wall twice then grabbed and then slapped Mobley's buttocks while Mobley was handcuffed". (*Id.* at PageID 25; *see also id.* at PageID 34 ("Mobley was grabbed really hard on the buttocks and slapped causing redness, bruises for weeks, interrupting sleep, sitting, and standing").) Ewing allegedly said "he had been waiting on a motherf***er like [Mobley]" and "claimed that he didn't like the Masonic Compass and Square tattooed on [Mobley's] back". (*Id.* at PageID 25.) Ewing continued to curse and "defrimate [sic] the characters of some of the most holy men". (*Id.*) Mobley claims he "was very scared", his "head was hurting from being forced into a concrete wall", his "buttocks was hurting", and he "was threatened to be killed if he told anyone else what happened". (*Id.*)

Mobley claims he filed complaints for violations of the Prison Rape Elimination Act, 34 U.S.C. §§ 30301-30309 (formerly 42 U.S.C. §§ 15601-15609) ("PREA"), and that Ewing retaliated daily because of lack of training by DOJ. (ECF No. 1 at PageID 3 (Ewing "harassed and threatened Mobley every day, teased Mobley, and caused much pain and suffering").) The harassment took the form of throwing Mobley's food on the ground, and forcing Mobley to beg for soap and clean clothes. (ECF No. 11 at PageID 26.) Unnamed prison officials allegedly "knew of the ongoing danger, and injuries, and future injuries, including possible death", but did not respond to Mobley, denied him psychiatric help, and refused to transfer Mobley to a different facility with adequate psychiatric staffing. (*Id.* at PageID 27; *see also id.* at PageID 34 (alleging deprivation of psychiatric medications).)

Mobley alleges Bachus, Mobley's counselor, is responsible for grievances, but Bachus is not properly trained and denied Mobley's right to grieve and refused to assist Mobley. (ECF No. 1 at PageID 3.) Mobley complains that Ewing was permitted to be around Mobley and to be alone

with him for over 45 days while a PREA investigation was ongoing. (*Id.*) Mobley claims he "has suffered much pain & suffering, irreparable harm, and mental damage. This will affect Mobley for the rest of his life". (*Id.*)

Mobley alleges that "all Wardens at FCI Memphis failed to aid, or stop this continuing abomination", and "recklessly disregarded the facts", which led to Mobley's alleged injuries. (*Id.*) Mobley contends that this reckless disregard and failure to transfer him to another facility constituted failure to aid and/or deliberate indifference and also violated Mobley's Eighth Amendment due process rights. (*Id.*) Mobley alleges constitutionally inadequate conditions of confinement affecting him and other inmates at FCI Memphis:

> The FBOP Regional Director and Central Director turn a blind eye to the denials of medical help and care Mobley and others have been deprived of, violating the PLRA over 100 times, lack of employees to run classes, no gym, no classes except GED, and Building Trades, none but physician, 2 psychologist(s), 0 psychiatric doctors, slim to none recreational programs, only 5-7 FSA activities or programs, no clean water, mold and alg[ae] in the bathrooms, walls falling on top of inmates, sending them to hospital, all covered up.

(ECF No. 11 at PageID 30.)

Mobley alleges that he witnessed the murder of another inmate, who was attacked by gang members and a guard, and that prison officials including Bachus were deliberately indifferent to threats to Mobley's life, and to Mobley's need for medical care. (*Id.* at PageID 30-31.)

Mobley alleges that "on November 20th[6]", Officer K. Evans arrived at Mobley's cell, took his legal work and legal mail, read it, and laughed, which Mobley alleges to be retaliation for filing

---

[6] For purposes of reviewing Mobley's Consolidated Complaint, and given the narrative flow of Mobley's Brief (ECF No. 11, at PageID 31), this date is presumed to be November 20, 2022.

the PREA complaint.  (*Id*. at PageID 31.)  Mobley claims his "legal work has been strictly forbidden for him to have out of retaliation".  (*Id*.)

Mobley alleges another incident "on Dec 8th[7]", in which Ewing approached Mobley's cell despite PREA restrictions and moved Mobley to a punishment cell for an unspecified period of time, although Mobley had done nothing to deserve the move.  (*Id*.)  Mobley claims this was retaliation for filing the PREA complaint against Ewing.  (*Id*. at PageID 32.)  Mobley alleges that the cell had mold, rusty brown water, a leaky toilet, and a hole in the wall allowing entry of snakes and insects.  (*Id*.)  Mobley complains that "from November to January 6th", his cell[8] lacked heat, but he was refused an extra blanket despite temperatures below 10 degrees.  (*Id*. at PageID 32.)  Mobley alleges that conditions he and others experienced, such as lack of clean water and proper ventilation, caused others, not Mobley, to pass out and be hospitalized.  (*Id*. at PageID 33.)

Mobley alleges BOP has inflated Mobley's custody points, causing Mobley's misclassification and placement in a more restrictive prison facility "which le[]d to everything that has happened".  (*Id*. at PageID 37.)  Mobley claims BOP's calculations of Mobley's recidivism points, which take into account Mobley's criminal history, unfairly disadvantage Mobley.  (ECF No. 21 at PageID 120.)  It is unclear whether Mobley intends to allege a claim based on the recidivism points calculation.  (*Id.* ("This alone is <u>not</u> the issue or actual matter before the Court").)

Mobley alleges the DOJ and/or BOP failed to train Bachus, Ewing, and Zabitoskey.  (ECF No. 1 at PageID 3; ECF No. 11 at PageID 26; ECF No. 17 at PageID 67.)

---

[7]  For purposes of reviewing Mobley's Consolidated Complaint, and given the narrative flow of Mobley's Brief (ECF No. 11, at PageID 31), this date is presumed to be December 8, 2022.

[8]  Mobley does not specify whether, and to what extent, this allegation encompasses the "punishment cell" he entered on December 8, 2022.  (*See* ECF No. 11 at PageID 31, 32.)

Mobley alleges Zabitoskey failed to investigate Mobley's PREA complaint properly and "was a major part in allowing the cl[e]arly [sic] retaliation, intimidation and threats done by Officer Ewing", as alleged in the complaint.  (ECF No. 17 at PageID 66.)  Mobley alleges Zabitoskey "was fully aware of the ongoing retaliation [against Mobley] and did conspire with the rest of Defendants to deliberately punish Mobley and allow retaliation."  (*Id*. at Page ID 67.)

In his Motion for Disposition (ECF No. 21), Mobley presents legal arguments and citations to case law as authority for his claim that he experienced retaliation for exercising his Constitutional rights.  (ECF No. 21 at PageID 118; *see generally id*. at PageID 115-135.)  Mobley cites 42 U.S.C. § 1983, as well as *Bivens*, as authority for his claims.  (*Id*. at PageID 115, 119.)

## II.   <u>JURISDICTION</u>

Twenty-eight U.S.C. § 1331 provides that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 1331 requires that complaints allege claims under the U.S. Constitution or some federal law providing for a federal right of action.  Mobley's Consolidated Complaint alleges that his claims arise under *Bivens*, 403 U.S. 388.  (*See* ECF No. 1 at PageID 1; ECF No. 11 at PageID 21; ECF No. 21 at PageID 115.)  The Court has jurisdiction to consider his *Bivens* claims.

## III.  <u>LEGAL STANDARD</u>

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

9

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir. 1975))).

10

IV.   <u>**CLAIMS UNDER § 1983 AND *BIVENS***</u>

Because he is a federal inmate alleging claims against federal agencies and federal prison officials, Mobley's claims arise, if at all, under *Bivens*, not under 42 U.S.C. § 1983.  Mobley's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE.

*Bivens*, 403 U.S. 388,  provides a right of action against federal employees who violate an individual's rights under the United States Constitution.  "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action."  *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

V.   <u>**ANALYSIS**</u>

A.   <u>**Claims Against The DOJ And BOP**</u>

Mobley alleges claims against the DOJ and BOP for: (1) failure to train (ECF No. 1 at PageID 3); (2) policies permitting Mobley's allegedly unconstitutional conditions of confinement in the SHU (ECF No. 11 at PageID 28-29); (3) alleged inflation of Mobley's custody points (*id*. at PageID 37); and (4) allegedly wrong or retaliatory miscalculation of Mobley's recidivism points (ECF No. 21 at PageID 120).

 The DOJ and BOP[9] are entities of the United States Government.  *Bivens* authorizes damage suits against individual federal officials, but *Bivens* does not authorize those suits against the United States, its agencies, or its employees in their official capacities.  *Corr. Servs. Corp. v. Lamesdo*, 534 U.S. 61, 72 (2001) (a prisoner "may not bring a *Bivens* claim against the officer's

---

[9]     The BOP is an administrative agency within the DOJ. https://www.justice.gov/agencies/chart/map .  Mobley sues both BOP and DOJ.  For purposes of this screening order, the same analysis applies to Mobley's claims against both BOP and DOJ.

employer, the United States, or the BOP"). *Bivens* claims against the United States and federal agencies are barred by sovereign immunity. *Franklin v. Henderson,* No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell,* No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000); *Miller v. Fed. Bureau of Investigation,* No. 96–6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages"). As agencies of the United States government, the DOJ and BOP are considered part of the United States itself and, therefore, entitled to immunity from suit. *See United States v. Mitchell,* 463 U.S. 206, 212 (1983). A suit under *Bivens* can be brought only against individual officers for certain constitutional violations.

For these reasons, Mobley's claims against the DOJ and BOP are DISMISSED WITH PREJUDICE because the DOJ and BOP, as agencies of the United States, are not proper defendants in a *Bivens* action.

### B.      Claims Against The Individual Defendants

According to Mobley's Consolidated Complaint: (1) his claims against Ewing are in Ewing's individual capacity (ECF No. 1 at PageID 4); and (2) his claims against Bowers, Childers, John Doe Executive Assistant Warden, and Zabitoskey are in their individual and official capacities (*id.*; ECF No. 17 at PageID 67). Mobley does not specify whether his claims against Bachus are in Bachus's official or individual capacity. Therefore, Mobley's claims against Bachus are treated as official capacity claims.

#### 1.      Official Capacity Claims

Mobley's official capacity claims against the Individual Defendants under *Bivens* fail as a matter of law. Because "the real party in interest in an official-capacity suit is the entity represented and not the individual shareholder", *Bivens* does not permit suits against government

employees in their official capacities. *Himmelreich v. BOP*, No. 11-3474, 2012 WL 13226685, at *2 (6th Cir. May 7, 2012) (citing *Karcher v. May*, 484 U.S. 72, 78 (2001) ("With respect to the alleged constitutional deprivation, [the plaintiff's] only remedy lies against the individual")). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as employees or officials of the BOP, as defendants. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (because an action against a federal agency, such as the BOP or federal officers in their official capacities, is essentially a suit against the United States, those suits are also barred under the doctrine of sovereign immunity, unless immunity has been waived).

Because Mobley's official capacity claims against the Individual Defendants under *Bivens* fail as a matter of law, those claims are DISMISSED WITH PREJUDICE. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

## 2.   <u>Individual Capacity Claims</u>

A *Bivens* action, based on alleged constitutional violations by federal officials, may be brought against federal officers in their individual capacities. *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994); *see also Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). To state a *Bivens* claim plausibly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" in a manner that can be vindicated under *Bivens*. *See Himmelreich*, 2012 WL 13226685, at *2 (citing *Iqbal*, 556 U.S. at 677-79); *Nuclear Transp. & Storage v. United States*, 890 F.2d 1348, 1355 (6th Cir. 1989) (complaints asserting a *Bivens* cause of action are subject to the same heightened pleading requirements as claims under § 1983). A suit under *Bivens* may be brought only against individual officers for certain constitutional violations.

**3.** **Mobley Fails To Allege A Factual Basis For His Claims Against Bowers, Childers, and John Doe Executive Assistant Warden**

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681.

Mobley makes a single factual allegation specifically identifying Individual Defendants Bowers, Childers, and John Doe Executive Assistant Warden:  "Mobley tried to file grievances yet the Warden Bowers and Childers as well as the Executive Warden[10] ignored Mobley".  (ECF No. 1 at PageID 2.)  Mobley otherwise makes only unspecific references to "Wardens".  (*E.g.*, ECF No. 11 at PageID 26 ("Mobley filed [] grievances with all Wardens"); *id*. at PageID 29 ("FCI Memphis Wardens did not provide any S.H.U. Counselers"); *id*. at PageID 30 ("Wardens [] are deliberately indifferent"); *id*. at PageID 32 ("The cell alone posed and still poses a substantial risk of serious damage to health and safety to which, Wardens, Prison officials, Ewing, Captain Teel, FBOP Director for Regional, and Central, who were all notified over and over about, who all have been deliberately indifferent"); *id*. at PageID 35 ("The Wardens clearly violated Constitutional law when they knew of the sexual assault and constant threats but chose to be deliberately indifferent and not even [e]nforce P[REA] regulations, or prevent Ewing from continuing to violate the 8th Amendment with the threats, and punishment cells, [] which they could have stopped at any moment".).)

---

[10]  The Court's construes Mobley's reference to "Executive Warden" as the person the Court has designated the John Doe Executive Assistant Warden.

To the extent Mobley's Consolidated Complaint sues Individual Defendants Bowers, Childers, and John Doe Executive Assistant Warden in their individual capacities as federal government agents, Mobley fails to allege any viable *Bivens* claims against those Individual Defendants. Mobley's sparse allegations against Bowers, Childers, and John Doe Executive Assistant Warden do not set forth sufficient information to satisfy Fed. R. Civ. P. 8(a)'s pleading standard. (*See* ECF No. 1 at PageID 3; ECF No. 17 at PageID 66-67.)

Because Mobley fails to allege the factual basis for his claims against Bowers, Childers, and John Doe Executive Assistance Warden required by Rule 8(a)(2), these claims are DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

### 4.   <u>Allowable *Bivens* Claims</u>

The United States Supreme Court has "explicitly recognized" only one context "in which a private right of action may be brought against federal officials" for violation of a prisoner's constitutional rights under *Bivens*, an action "under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner."[11]   *Patton v. Blackburn*, No. 21-5995, 2023 WL 7183139, at *2 (6th Cir. May 2, 2023) (citing *Carlson v. Green*, 446 U.S. 14, 19 (1980)). If a prisoner's *Bivens* claim presents a "new" context that is different than an established *Bivens* right of action, the claim should not be recognized if "special factors" demonstrate that Congress is better equipped than the Judiciary to "weigh the costs and benefits of allowing a damages action to proceed." *Id*. (citing and quoting *Egbert v. Boule*, 596 U.S. 482, 491, 142 S. Ct. 1793, 1803 (2022) [internal quotation marks omitted]). "[E]xpanding the reach of *Bivens* 'is now a

---

[11]   The two other recognized contexts for *Bivens* claims do not apply to prisoner civil rights claims: (1) Fourth Amendment claims for unreasonable search and seizure of a private citizen's residence; and (2) Fifth Amendment due process claims for gender discrimination. *Patton*, 2023 WL 7183139, at *2.

"disfavored" judicial activity.'" *Id.* (citing and quoting *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017)).

It is "inconsequential" that a prisoner's *Bivens* claim may also invoke the Eighth Amendment. *Id.* (citation omitted). Eighth Amendment claims other than those for deliberate indifference present a "new" context and can only be recognized if "special factors" support their recognition. *Id.* at *2-3; *see also Brown v. Federal Bureau of Prisons*, No. 6:22-097-DCR, 2023 WL 3934674, at *4 (E.D. Ky. June 9, 2023) ("a prisoner's claim that excessive force was used against him by prison staff is a different context than the claim in *Carlson* of deliberate indifference to a prisoner's medical needs") (citing and quoting *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *4 (6th Cir. Sept. 13, 2022)).

"First Amendment retaliation claims and [] Eighth Amendment conspiracy, excessive force, sexual harassment, sexual assault, and failure to protect claims are not cognizable under *Bivens*". *Greene*, 2022 WL 13638916, at *3. "Special factors" that "counsel against recognizing a *Bivens* claim" in a new context include whether the prisoner has access to remedial mechanisms established by the BOP, and whether Congress has provided other avenues for remedial action. *Patton*, 2023 WL 7183139, at *3. The Supreme Court has held that, "[i]f there is even a single "reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *See Egbert*, 142 S. Ct. at 1803.

### a.    Deliberate Indifference Claim

Mobley alleges he was denied psychiatric help, psychiatric medications, and refused a transfer to a facility with adequate psychiatric staffing. (ECF No. 11 at PageID 27; *id.* at PageID 34.) Mobley complains that prison officials, including Bachus, were indifferent to Mobley's need for unspecified medical care. (*Id.* at PageID 30-31.) Mobley alleges that "[a]ll Wardens at FCI

Memphis [] are being deliberately indifferent to the health, safety, and wellbeing of Mobley". (ECF No. 1 at PageID 3.)

Deliberate indifference to a prisoner's serious medical needs is an allowable *Bivens* claim. *Carlson*, 446 U.S. at 19; *Patton*, 2023 WL 7183139, at *3. The Court reviews claims by prisoners alleging the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." To state a cognizable Eighth Amendment claim for deprivation of medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Under federal law, mental health needs are medical needs for purposes of the Eighth Amendment's deliberate-indifference analysis. *See Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citation omitted).

Deliberate indifference claims have both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of a medical care claim requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). The subjective component requires that jail officials acted with the requisite intent – *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show prison officials' "deliberate indifference" to a substantial risk

of serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards it. *Id.* at 837.

A plaintiff satisfies the objective component by alleging that he had a medical need that was "sufficiently serious." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* A prisoner's difference of opinion about treatment does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107.

Needs for psychiatric help and psychiatric medication are a sufficiently serious medical need for purposes of an Eighth Amendment claim. *Comstock*, 273 F.3d at 702. Mobley thus satisfies the objective prong for screening purposes. As for the subjective prong, Mobley has failed to describe in sufficient detail the circumstances of the alleged denials of psychiatric help and psychiatric medications, including when and why those denials occurred, and who denied him

help.  None of the Defendants is alleged to be a mental health professional.  Mobley does not allege any specific action by any of the Defendants that led to denial of needed psychiatric help or medication.  Mobley also fails to support his bare allegation that he should have been transferred to a different prison facility to receive care.  Mobley's mere disagreement with the care he received is insufficient to support his claim of deliberate indifference.  *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017).

Because Mobley fails to state a claim to relief for deliberate indifference to his serious medical needs, his allegation of deliberate indifference is DISMISSED WITHOUT PREJUDICE.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

### b.    <u>Excessive Force Claim</u>

Mobley alleges Ewing used excessive force during the incident of September 25 or 27, 2022, by twice pushing Mobley's head into the wall and then grabbing and slapping Mobley's buttocks while Mobley was handcuffed.  (ECF No. 11 at PageID 25.)  Mobley claims his head and buttocks hurt.  (*Id.*)  He does not allege that he sought medical care.[12]  (*See id.*)

The Sixth Circuit Court of Appeals has declined to recognize a *Bivens* right of action for Eighth Amendment excessive force claims.  *Patton*, 2023 WL 7183139, at *3 (citing *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022)); *see also Greene*, 2022 WL 13638916, at *3.  Excessive force is not a *Bivens* claim previously recognized by the Supreme Court.  *Patton*, 2023 WL 7183139, at *2.  "[S]pecial factors counsel against recognizing a *Bivens* claim" for excessive

---

[12]    Even if Mobley's claim of excessive use of force were actionable under *Bivens*, an excessive force claim under the Eighth Amendment must show more than de minimis force.  *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008) (citing *Hudson*, 503 U.S. at 9-10).  In his Consolidated Complaint, Mobley fails to allege that Ewing used more than de minimis force.

force under the Eighth Amendment because the BOP has established remedial mechanisms through suits for injunctive relief and grievance procedures. *Id.* at *3.

Because Mobley's excessive use of force claims under *Bivens* fail as a matter of law, those claims are DISMISSED WITH PREJUDICE. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

### c. <u>Sexual Harassment/ Sexual Assault</u>

Mobley alleges sexual assault and/or sexual harassment. (ECF No. 11 at PageID 24; ECF No. 1 at PageID 2.) Mobley claims to have filed a PREA complaint about the incident. PREA does not provide a private cause of action. *See Kenny v. Washington*, 2023 WL 8586337, at *4 (E.D. Mich. Dec. 11, 2023) ("[a]lthough the Sixth Circuit has yet to address whether the PREA creates a private cause of action, numerous district courts in this circuit maintain that it does not [citations omitted]" and "[o]ther federal appellate courts adopt this same view" [citations omitted]).

Mobley's vague allegations of sexual assault and sexual harassment are not a cognizable claim under *Bivens*. *Wilkie v. Robbins*, 551 U.S. 537, 541 (2007) (refusing to extend *Bivens* liability to federal employees accused of harassment and intimidation); *Greene*, 2022 WL 13638916, at *3 (sexual harassment and sexual assault "are not cognizable under *Bivens*").

Because Mobley's sexual assault and sexual harassment claims under *Bivens* fail as a matter of law, these claims are DISMISSED WITH PREJUDICE. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

### d. <u>Failure To Protect Claims Against Bachus And Zabitoskey</u>

Mobley alleges Bachus failed to assist with Mobley's grievances and Zabitoskey failed to investigate Mobley's PREA complaint. (ECF No. 1 at PageID 3; ECF No. 11 at PageID 30-31;

ECF No. 17 at PageID 66-67.)  The Court construes Mobley's claims against Bachus and Zabitoskey as claims for failure to protect under the Eighth Amendment.  *See Farmer*, 511 U.S. at 834; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).  Failure to protect is not a *Bivens* claim previously recognized by the Supreme Court.  *See Patton*, 2023 WL 7183139, at *2.  Mobley has not alleged special factors that would justify recognizing a *Bivens* claim against Bachus and Zabitoskey for failure to protect.  *See id.* at *3.

Because Mobley's failure to protect claims against Bachus and Zabitoskey under *Bivens* fail as a matter of law, these claims are DISMISSED WITH PREJUDICE.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

### e.  First Amendment Retaliation Claims

Mobley alleges retaliation for having filed his PREA complaint and grievances.  (ECF No. 1 at PageID 3; ECF No. 11 at PageID 26, 27.)  First Amendment retaliation claims "are not cognizable under *Bivens*".  *Greene*, 2022 WL 13638916, at *3.  Because Mobley's retaliation claims under *Bivens* fail as a matter of law, these claims are DISMISSED WITH PREJUDICE. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

### f.  Remaining Claims

Mobley alleges various conditions of his confinement to be unconstitutional under the Eighth Amendment, including lack of classes and recreational programs, lack of clean water, mold, algae, leaking toilets, cell walls in disrepair, insufficient heat, and refusal of an extra blanket.  (ECF No. 11 at PageID 30; 32, 33.)  Mobley also alleges an unspecified violation of his constitutional due process rights.  (ECF No. 1 at PageID 3).

Mobley's Eighth Amendment conditions of confinement and due process claims are not actionable under *Bivens*.  *See Patton*, 2023 WL 7183139, at *3.  Mobley has described no special

factors that would justify recognizing a *Bivens* claim for the acts about which he complaints.  *See id*.

Because Mobley's conditions of confinement claims and due process claims under *Bivens* fail as a matter of law, these claims are DISMISSED WITH PREJUDICE.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

## VI.   <u>AMENDMENT UNDER THE PLRA</u>

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants Mobley leave to amend the Consolidated Complaint – only the claims that are dismissed without prejudice – under the conditions set forth below.  The Court grants

Mobley only one opportunity to amend the claims that are dismissed without prejudice.  If Mobley

fails to amend his Consolidated Complaint in a timely manner, the Court will dismiss this case and

enter judgment.

## VII.   FOURTH TRO MOTION (ECF NO. 20)

### A.   Factual Background

Mobley's Fourth TRO Motion asks the Court to order that Mobley be transferred from FCI

Forrest City to FMC Lexington.  (ECF No. 20 at PageID 78.)  Mobley maintains that some of the

gang members who were at FCI Memphis were also transferred to FCI Forrest City, that they

surrounded and stabbed him with a knife, and that for this reason Mobley is again housed in solitary

confinement where he "has been refused envelop[e]s, paper, pen, legal documents, law library

access, legal calls" and where his access to the Courts has been blocked for retaliatory reasons.

(*Id*. at PageID 78, 80.)

Mobley argues that FMC Lexington is near his home in Lexington and has psychotherapy

and psychiatric staff who can provide treatment Mobley needs, but that FCI Forrest City does not

provide.  (*Id*. at PageID 82-85.)

### B.   Legal Standard

Courts consider four factors when determining whether to issue a temporary restraining

order: "(1) whether the movant  has a strong likelihood of success on the merits; (2) whether the

movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction

would  cause substantial harm to others; and (4) whether the public interest would be served by

issuance of a preliminary injunction."  *Williams v. Lindamood*, 526 F. App'x 559, 561 (6th Cir.

2013); *see also Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007) (same factors apply "in

determining whether to issue a [temporary restraining order] or a preliminary injunction" as well

as whether to stay a temporary restraining order).  A temporary restraining order is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).

The BOP has discretion to place prisoners in "any available penal or correctional facility that meets minimum standards of health and habitability."  18 U.S.C. § 3621(b).  "[T]he only apparent limitation on the Bureau is that it choose a place that is a 'penal or correctional facility.'" *Araque v. Rushing,* No. 4:10 CV 2545, 2011 WL 1326293, at *3 (N.D. Ohio Apr. 5, 2011). Transfers and prison assignments are functions wholly within the discretion of the BOP.  *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, (1976); *Caderno v. Thoms*, 50 F. App'x 200, 201 (6th Cir. 2002).

**C.**   **Analysis**

Mobley has not shown the strong likelihood of success on the merits that would support the issuance of a temporary restraining order.  *See Araque,* No. 4:10 CV 2545, 2011 WL 1326293, at *3; *Olim,* 461 U.S. at 245.  Mobley has not shown that his continued confinement at the FCI Forrest City will result in irreparable injury to him.  According to Mobley's account in his Fourth TRO Motion, FCI Forrest City has addressed Mobley's security concerns by placing him in special housing.  (*See* ECF No. 20 at PageID 78.)

Mobley's disagreement with how and where his mental health needs should be addressed does not give rise to a claim of constitutionally inadequate care.  *Darrah*, 865 F.3d at 372  Mobley fails to show that placement at FMC Lexington would affect the course of his mental health care, or would change his mental health outcomes, so as to avoid irreparable injury.

Considering the remaining factors in analyzing Mobley's request for a temporary restraining order, Mobley has failed at this stage to show a likelihood of ultimate success on his surviving *Bivens* claims that Defendants at FCI Memphis were deliberately indifferent to his medical and mental health care needs.  (*See* ECF No. 1 at PageID 3.)  He has not demonstrated that his request to be moved from FCI Forrest City to FMC Lexington has any connection to his claim of deliberate indifference on the part of Defendants at FCI Memphis.  Mobley has not shown that FCI Forrest City fails to meet "minimum standards of health and habitability".  *See* 18 U.S.C. § 3621(b).  Issuance of a temporary restraining order in these circumstances would be inconsistent with the BOP's broad discretion to choose Mobley's place of imprisonment.  *See id.*  Issuance of a temporary restraining order would thus substantially restrict BOP's authority and be contrary to the public interest.

Mobley alternatively requests the Court to order the BOP to release him "to home incarceration or detention".  (ECF No. 20 at PageID 86.)  The Court construes this alternative request as one for compassionate release.  Mobley's motion is not the proper vehicle to request compassionate release.  Prisoners may request compassionate release by filing a motion in their criminal case that complies with the requirements of 18 U.S.C. § 3582(c)(1)(A), including administrative exhaustion.  *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Mobley has not satisfied the requirements for the temporary restraining order he seeks.  Mobley's Fourth TRO Motion (ECF No. 20) is DENIED.

## VIII.  <u>CONCLUSION</u>

For the reasons set forth above:

A.      The Consolidated Complaint (ECF Nos. 1, 11, 17 & 21) is DISMISSED WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART for failure to allege facts stating a claim to relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2); and

B.      Leave to amend the Consolidated Complaint's claims dismissed without prejudice is GRANTED.  Amended claims must be filed within twenty-one (21) days of the date of this Order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Mobley's actionable *Bivens* claims.  An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings.  Mobley or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

If Mobley fails to file an amended complaint within the time specified, the Court will dismiss the Consolidated Complaint with prejudice and enter judgment.  For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).  The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).

C.      Mobley's Fourth TRO Motion (ECF No. 20) is DENIED.

IT IS SO ORDERED this _____ day of February, 2024.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE